UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                  :

ANDREW S. GORDON,                  :

                  :

                  :

            Plaintiff,  :

                  :

        -v -            :

                  :

STATE FARM FIRE AND CASUALTY  :
COMPANY,                 :

                  :

                  :

           Defendant. :

                  :
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/10/25

1:24-cv-8392-GHW

MEMORANDUM
OPINION & ORDER

GREGORY H. WOODS, District Judge:

Plaintiff Andrew S. Gordon resides in Connecticut.  He purchased an insurance policy from Defendant State Farm Fire & Casualty Company ("State Farm") in Connecticut.  The policy insured two expensive pieces of Mr. Gordon's jewelry.  While Mr. Gordon was traveling in California, that jewelry was stolen.  Mr. Gordon submitted a claim to State Farm for the loss.  State Farm investigated, concluded that Mr. Gordon had committed fraud, and therefore denied the claim.  Mr. Gordon filed this action in response, asserting that State Farm's denial violated the terms of his insurance agreement.  The threshold question is whether the action should be litigated in the Southern District of New York or the District of Connecticut.  Because this case bears no connection to the Southern District of New York—other than the fact that Plaintiff's counsel has his office here—State Farm's motion to transfer this case to the District of Connecticut is GRANTED.

## I. Background

### A. Factual Background

Plaintiff Andrew S. Gordon lives in Shelton, Connecticut.  Dkt. No. 1–1 ("Compl.") ¶ 6.

Defendant State Farm Fire & Casualty Company ("State Farm") is an insurance company.  It is

incorporated in Illinois and has its headquarters in that state.  *Id.* ¶ 3; Dkt. No. 1 ("Notice of

Removal") ¶ 12.  State Farm issued an insurance policy to Mr. Gordon.  Mr. Gordon alleges that the

policy "provides coverage to certain valuable personal property, including jewelry owned by the

Plaintiff, up to $144,000, in the event of theft, loss, or other covered perils."  Compl. ¶ 6; *see also*

Dkt. No. 17-3 (the "Policy") at 3–4 (describing "personal articles" coverage for a diamond necklace

valued at $76,900 and a Rolex watch valued at $64,800).

Mr. Gordon took a "personal trip" to California.  Compl. ¶ 7.  While he was there, Mr.

Gordon alleges, someone broke into his rental car and stole his jewelry.  *Id.*  Mr. Gordon alleges that

the theft of over $140,000 of jewelry that he left in the car "occurred despite Mr. Gordon taking

reasonable precautions to safeguard his property, including locking the vehicle and parking in a well-

lit area."  *Id.*  Mr. Gordon reported the alleged theft to the police "immediately upon discovering the

theft."  *Id.*

Just two days after the alleged theft, Mr. Gordon "submitted a formal claim to State Farm"

under the Policy.  *Id.* ¶ 8.  State Farm conducted a "lengthy investigation" of Mr. Gordon's claim

that his valuable necklace and watch had been stolen from his parked rental car.  *Id.* ¶ 9.  On

September 3, 2024, "nearly six months after the initial loss," State Farm denied the claim.  *Id.* ¶ 10.

In its denial letter, State Farm accused Mr. Gordon of making "intentional misrepresentations of

facts with the intent to defraud the insurer."  *Id.*; *see also* Dkt. No. 17-4 ("Denial Letter") (denial

letter stating that State Farm's investigation had revealed "material misrepresentations . . . in the

presentation of the claim").

Because the denial letter did not provide "concrete evidence or a detailed explanation" regarding the basis for State Farm's, conclusions, Mr. Gordon's lawyer responded to the denial letter by sending "a letter to State Farm's legal representatives, requesting further clarification on his claim's denial." Compl. ¶¶ 11, 12. Mr. Gordon alleges that State Farm "failed to provide any substantive reply." *Id.* ¶ 12.

### B.  Procedural History

On September 24, 2024, Mr. Gordon filed this action in New York State Supreme Court, New York County. *See* Compl. In his complaint, Mr. Gordon asserts claims for breach of contract and what he terms "bad faith insurance practices." *Id.* ¶¶ 15–33. The complaint does not assert that New York state law applies to either of those state-law governed claims; it is silent as to choice of law. Initially filed in state court, the complaint claims that jurisdiction and venue are appropriate in New York County under N.Y. C.P.L.R. §§ 301 and 503 respectively because State Farm does business generally in New York—it does not assert that any fact of relevance to the dispute took place in New York. *Id.* ¶¶ 4, 5.

On November 4, 2024, State Farm removed the action to this Court because the parties are diverse. Notice of Removal ¶¶ 11–13. On December 17, 2024, State Farm filed a motion to transfer this case to the United States District Court for the District of Connecticut pursuant to 28 U.S.C § 1404(a). Dkt. No. 17-5 ("Mem."). In its motion, State Farm argues that this action should be transferred because a substantial part of the events giving rise to the claim occurred in Connecticut, the witnesses are likely to be in Connecticut, and because the insurance policy under which Mr. Gordon "purports to sue was issued in Connecticut by a Connecticut insurance agent and is governed by Connecticut law." Mem. at 1. State Farm also argues that because Mr. Gordon resides in Connecticut, his decision to pursue this case in New York "is accorded less deference." *Id.*

In support of its motion, State Farm submitted a certified copy of the Policy.  The first page

contains the name of "Plaintiff's State Farm Agent, Kim Locicero, and provides her phone number,

which includes a Connecticut area code."  Mem. at 2; Policy at 2.  The Policy also "included a

Connecticut specific amendatory endorsement," titled "AMENDATORY ENDORSEMENT

(Connecticut)."  Mem at 2; Policy at 6.  Finally, State Farm submitted the Denial Letter.  State Farm

highlighted the fact that the Denial Letter was sent to Mr. Gordon at his Connecticut residence and

"included Connecticut specific appeal language stating:  'If you do not agree with this decision, you

may contact the Division of Consumer Affairs of the Insurance Department at [the] Connecticut

Insurance Department . . . .'"  Mem. at 5-6 (quoting Denial Letter).

Mr. Gordon filed his opposition to the motion on January 14, 2025.  Dkt. No. 19 ("Opp.").

He argues that his "choice of forum deserves substantial deference."  *Id.* at 7.  Although Mr.

Gordon acknowledges that he resides in Connecticut, he asserts that he "conducts business and

maintains significant contacts within the State of New York."  Opp. at 4.  He does not assert that

the loss at issue in this case has any relationship to his New York business, however, as it occurred

during a personal visit to California.  Mr. Gorton argues that other factors weigh in favor of

litigating the case in New York.  One argument that he advances is the fact that Mr. Gordon's

retained counsel is a member of the New York bar only—not Connecticut.  State Farm replied on

January 14, 2025, reiterating its earlier arguments.  Dkt. No. 20 ("Reply").

## II.    Legal Standard

28 U.S.C. § 1404(a) allows a district court to transfer a case for the convenience of parties

and witnesses to "any other district or division where it might have been brought" if doing so is "in

the interest of justice."  *See* 28 U.S.C. § 1404(a).  The Court evaluates a potential transfer pursuant to

§ 1404(a) in two steps.  First, the Court must ask whether the case might have been brought in the

proposed transferee district.  *See Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285

(S.D.N.Y. 2004). "An action 'might have been brought' in the forum to which the movant seeks to

transfer it if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in

the transferee court at the time of filing." *City of Pontiac Gen. Employees Ret. Sys. v. Dell Inc.*,

14-CV-3644 (VSB), 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015).

      If the threshold inquiry is satisfied, the Court proceeds to the second step and determines

whether a transfer is appropriate. *See id.* at *2. In so doing, the Court considers the following

factors to determine whether to grant the requested transfer:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of
> operative facts; (4) the availability of process to compel the attendance of the unwilling
> witnesses; (5) the location of relevant documents and the relative ease of access to sources of
> proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;
> (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the
> interest of justice, based on the totality of circumstances

*Jean-Louis v. ACS*, No. 22-CV-8457 (LJL), 2022 WL 16857359, at *2 (S.D.N.Y. Oct. 14, 2022). The

list of factors is not exhaustive. *Pausch Med. GmbH v. Pausch LLC*, 2015 WL 783365, at *1 (S.D.N.Y.

Feb. 24, 2015). Furthermore, "[t]here is no rigid formula for balancing these factors[,] and no single

one of them is determinative." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y.

2000). Rather, "weighing the balance is essentially an equitable task left to the Court's discretion."

*Id.* (internal quotation marks omitted). District courts have broad discretion in deciding, on a case-

by-case basis, whether to transfer the venue of a given litigation based on "notions of convenience

and fairness." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

## III.    Discussion

### A.  Venue is proper in the District of Connecticut

      There is no dispute that venue is proper in the District of Connecticut. That court has

jurisdiction over the parties. Mr. Gordon lives in Connecticut. By seeking the transfer of this case

to that district, State Farm has consented to the jurisdiction of that court. *See Brown v. Lockheed*

*Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016) ("[A] party may simply consent to a court's exercise of

personal jurisdiction."). A substantial part of the events took place in Connecticut. Plaintiff entered

into the Policy in Connecticut, and it was issued by a Connecticut-based State Farm agent. *See*

Policy at 2; Compl. ¶ 6. Mr. Gordon does not contest that this action could have been brought in

Connecticut. *See generally* Opp. Because this case could have been brought in the District Court of

Connecticut, the first requirement for its transfer is satisfied.

### B. The § 1404(a) factors weigh in favor of transfer

While Mr. Gordon's choice of forum and the relative means of the parties weigh slightly in

favor of retaining this case in this district, all of the other factors weigh in favor of transfer.

Accordingly, State Farm's motion to transfer is granted.

### 1. The weight accorded to Plaintiff's choice of forum

Mr. Gordon's choice of forum weighs only slightly against transfer here. "Generally, courts

give a plaintiff's choice of forum 'considerable weight.'" *CVS Pharmacy, Inc. v. AstraZeneca Pharms.*

*L.P.*, No. 19-CV-10049 (CM), 2020 WL 4671659, at *7 (S.D.N.Y. Aug. 12, 2020); *see also Idle Media,*

*Inc. v. Create Music Grp., Inc.*, No. 24-CV-00805 (JLR), 2024 WL 5009713, at *18 (S.D.N.Y. Dec. 6,

2024) ("The Second Circuit has consistently held that a 'plaintiff's choice of forum is presumptively

entitled to substantial deference.'") (quoting *Gross v. BBC*, 386 F.3d 224, 230 (2d Cir. 2004)).

However, "[l]ess deference is given to a plaintiff's choice of forum when the suit is brought in a

district where the plaintiff does not reside." *Idle Media, Inc.*, 2024 WL 5009713, at *18 (quoting

*Savarese v. City of New York*, No. 18-CV-05956 (ER), 2019 WL 2482387, at *4 (S.D.N.Y. June 13,

2019)). "When the operative facts have few meaningful connections to the plaintiff's chosen

forum," the importance of the plaintiff's choice "measurably diminishes." *Harris v. Brody*, 476 F.

Supp. 2d 405, 406 (S.D.N.Y. 2007). Because Mr. Gordon resides in Connecticut and not in New

York, his "choice of forum is entitled to substantially less deference than usual . . . ." *CVS Pharmacy,*

*Inc.*, 2020 WL 4671659, at *7.

Moreover, the importance of Mr. Gordon's choice of forum is "measurably diminishe[d]" here because the operative facts related to this dispute have no "meaningful connection" to his chosen forum. *See Harris*, 476 F. Supp. 2d at 406. Mr. Gordon asserts that he conducts "business" in this district, Compl. ¶ 2, but this dispute does not arise from that business—it arises from Mr. Gordon's personal jewelry collection and an incident that allegedly occurred in another state while he was on vacation. As a result, there is a "lack of any meaningful nexus between the claims [he] assert[s] and this District." *Idle Media, Inc.*, 2024 WL 5009713, at *18. Mr. Gordon chose to file in the Southern District of New York—apparently because his counsel is located here. His choice to do so weighs against transfer, but only slightly.

## 2. The locus of operative facts

The factor that weighs most heavily in favor of transfer is the locus of operative facts. "The location of operative facts is a primary factor in determining a § 1404(a) motion to transfer." *Rosen v. Ritz-Carlton Hotel Co. LLC*, 14-CV-1385 (RJS), 2015 WL 64736, at *4 (S.D.N.Y. Jan. 5, 2015) (quoting *Whitehaus Collection v. Barclay Prod.*, Ltd., 11-CV-217 (LBS), 2011 WL 4036097, at *2 (S.D.N.Y. Aug. 29, 2011)). This factor "substantially favors transfer from this district when a party has not shown that any of the operative facts arose in the Southern District of New York." *SEC v. Hill Int'l, Inc.*, No. 20-CV-447 (PAE), 2020 WL 2029591, at *4 (S.D.N.Y. Apr. 28, 2020) (internal citation and quotation marks omitted). In determining the locus of operative facts, "a court must look to the site of the events from which the claim arises." *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.,* 202 F. Supp. 3d 399, 408 (S.D.N.Y. 2016) (citation omitted). "[F]or a breach of contract action, the court must consider (1) 'the location where the contract was negotiated or executed,' (2) 'where the contract was to be performed,' and (3) 'where the alleged breach

7

occurred.'" *Tarzy v. Dwyer*, No. 18 CIV. 1456 (JFK), 2019 WL 132280, at *5 (S.D.N.Y. Jan. 8, 2019)

(quoting *Royal & Sun All. Ins.*, 202 F. Supp. 3d at 408).

Not a single fact related to the alleged breach occurred in this district. Mr. Gordon resides

in Connecticut. Compl. ¶ 6. A Connecticut-based insurance agent is listed on the Policy. *See* Policy

at 2. State Farm contends that the Policy was executed in Connecticut, a fact that Mr. Gordon does

not contest. *See* Mem at 5. Nor does Mr. Gordon contest State Farm's assertion that Connecticut

law governs the policy, which contains a Connecticut-specific endorsement. Mr. Gordon alleges

that the breach occurred in Connecticut. Thus, as alleged, the contract was negotiated, formed, and

breached in Connecticut.

In addition, Plaintiff's claim for "bad faith insurance practices" appears to arise from events

that took place in Connecticut. Plaintiff alleges that the claim arises in part from the Denial Letter.

Compl. ¶ 21. That letter was sent to his Connecticut residence. Denial Letter at 1. The letter

directed Mr. Gordon to contact the Connecticut division of consumer affairs in Hartford if he

disagreed with State Farm's denial. *Id.* at 3. Therefore, it appears that both of Mr. Gordon's claims

have a nexus with Connecticut.

Of course, the alleged theft that triggered the claim did not take place in Connecticut. It

happened in California. But Mr. Gordon does not allege any facts that took place in the Southern

District of New York. Accordingly, the locus of operative facts concerning the alleged breach of the

insurance contract and alleged "bad faith insurance practices" is in Connecticut. This factor weighs

overwhelmingly in favor of transfer.

### 3. The convenience of the witnesses

Transfer will increase convenience for the two likely witnesses identified in this case. "The

convenience of both party and nonparty witnesses is probably considered the single most important

factor in the analysis of whether a transfer should be granted" and the convenience of non-party

witnesses is given greater weight than that of party witnesses. *Morling v. Michaels Companies Inc.*, No. 23-CV-8240 (VSB) (VF), 2025 WL 602944, at *2 (S.D.N.Y. Feb. 25, 2025) *(quoting Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)). "To succeed on a transfer motion, the moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp 2d. 525, 529 (S.D.N.Y. 2004) (internal quotations and citations omitted). However, "a specific showing is required only when the movant seeks a transfer *solely* 'on account of the convenience of witnesses.' [If the movant] seeks a transfer 'on account of several factors, his failure to specify key witnesses and their testimony is not fatal.'" *Larew v. Larew*, 2012 WL 87616, at *4 (S.D.N.Y. 2012). Moreover, the Court "does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum," but rather "must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 286.

No anticipated witnesses reside in this district. While no specific witnesses have yet been identified, the Court can anticipate one—Mr. Gordon. *See* Opp. 8; Reply at 3. Mr. Gordon resides in Connecticut. Additionally, State Farm suggests that Mr. Gordon's wife may be a witness. Mem. at 6; Reply at 3. She is "likely to be in Connecticut" as well. Mem. at 6. Mr. Gordon does not contest this fact. Because the two likely individual witnesses who have been identified reside in Connecticut, and no witnesses reside in the Southern District of New York, this factor weighs in favor of transfer.

### 4. The convenience of the parties

The convenience of the parties weighs in favor of transfer. Typically, the convenience of the parties "becomes neutral when transfer would merely shift the inconvenience from the non-movant to the movant." *Penrose v. New York Life Ins. Co.*, No. 22-CV-2184 (JPC), 2023 WL 6198249, at *5

(S.D.N.Y. Sept. 22, 2023).  Here, Mr. Gordon does not argue that transfer would inconvenience

him.  *See* Opp. at 8.  Nor would transfer burden State Farm, as Mr. Gordon generously argues on his

adversary's behalf, because it is "based outside of Connecticut."  Opp. at 8.  State Farm aptly

responds that because it "has affirmatively moved to transfer to the District of Connecticut, it has

expressed that it will not be inconvenienced by the proposed transfer."  Reply at 3.  Because transfer

will not inconvenience Mr. Gordon and is more convenient for State Farm, this factor weighs in

favor of transfer.

5. **The location of relevant documents and the relative ease of access to sources of proof**

The location of relevant documents and evidence also weighs in favor of transfer.  "The

location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and

emailing documents."  *Am. S.S. Owners Mut. Prot. and Indem. Ass'n v. Lafarge N. Am.*, 474 F. Supp. 2d.

474, 484 (S.D.N.Y. 2007); *see also McGraw-Hill Companies Inc. v. Jones*, 12-CV-7085 (AJN), 2014 WL

988607, at *9 (S.D.N.Y. Mar. 12, 2014) (Nathan, J.).  However, "it is improper to ignore [it]

entirely."  *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011).  No documents

are asserted to be physically located in the Southern District of New York.  Documents in Plaintiff's

possession are likely to be located in his home state of Connecticut.  Therefore, this factor weighs in

favor of transfer.

6. **The availability of process to compel the attendance of unwilling witnesses**

The parties "agree that the factor regarding the availability of process to compel the

attendance of unwilling witnesses is neutral."  Reply at 3 n.2.  The District of Connecticut has the

same authority as this Court to subpoena witnesses from other jurisdictions—such as California,

where the alleged theft occurred.  Therefore, the Court agrees that this factor is neutral.

### 7. The relative means of the parties

The relative means of the parties weighs against transfer, but has little weight. "Where disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." *Herman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998); *accord Zinky Elecs. LLC v. Victoria Amplifier Co.*, 2009 WL 2151178, at *7–8 (D. Conn. June 24, 2009). However, this factor will be accorded "little or no significance" absent a showing of disparity of means between the plaintiff and the defendant. *Larew*, 2012 WL 87616, at *7 (quoting *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989 (E.D.N.Y. 1991)).

In this case, an individual is suing a corporation. However, Mr. Gordon points to no impact on him as a result of transferring the case, other than as a result of the contention that his counsel is not a member of the Connecticut bar. *See* Opp. at 9. Mr. Gordon argues that his retained counsel is barred only in New York, and that State Farm is better able to obtain counsel in New York. *Id.* Mr. Gordon asserts that a transfer to the District of Connecticut would require him to retain new counsel. But the premise of that assertion is unclear: Mr. Gordon has not explained why his counsel cannot simply appear in that district *pro hac vice*, as permitted by that court's rules. *See* United States District Court District of Connecticut Local Rule 83.1(e). Mr. Gordon has not provided an affidavit establishing any incremental financial burden on him from proceeding in Connecticut rather than the Southern District of New York.[1] Lacking any such evidence, the Court concludes that this factor weighs against transfer, but that it has little weight.

---

[1] The Court does not assume that Mr. Gordon is incapable of financing litigation in Connecticut. Mr. Gordon has not provided an affirmation establishing that he is unable to meet the demands of litigating this case in Connecticut. Given the allegations in the complaint that the defendant traveled to California with personal jewelry worth over $140,000, the Court does not assume that he is unable to carry the incremental costs of litigating this action in Connecticut.

### 8.    The forum's familiarity with the governing law

State Farm asserts that the Policy is governed by Connecticut law.  Mem. at 10.  Mr. Gordon

entered into the Policy in Connecticut and the Policy references a Connecticut-specific

endorsement.  Mr. Gordon does not argue that the Policy is governed by any law other than that of

Connecticut.  He asserts only that "insurance contracts, like the one in this case, often have

nationwide applicability."  Opp. at 10.  This argument has very little persuasive value because

insurance contracts such as this one are governed by state law, not "nationwide" law.  The Court is

confident that the District of Connecticut has substantial familiarity with Connecticut law governing

insurance contracts.  This factor weighs in favor of transfer.

### 9.    Trial efficiency and the interest of justice

The final factors weigh in favor of transfer.  Trial of this claim in the jurisdiction where Mr.

Gordon resides and where the contract was issued will be more efficient than trying it in a venue in

which no party resides, and which has no connection to the case.

The interest of justice will be better served by transferring the case as well.  The Court's

"consideration of whether transfer is in the interest of justice is based on the totality of the

circumstances, and relates primarily to issues of judicial economy."  *Indian Harbor Ins. Co. v. Factory*

*Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005) (internal quotation marks and citation

omitted).  State Farm argues that the District of Connecticut has a stronger connection to the case.

Reply at 6.  Mr. Gordon argues that the case can be litigated in the Southern District of New York

because State Farm has general operations in this State and because "a central issue in this case is the

handling of the insurance claim which transcends state boundaries."  Opp. at 10.  State Farm has the

better of this argument.  As described in detail above, the locus of facts for this action is not in the

Southern District of New York.  And while the handling of this insurance claim may ultimately

prove to have transcended state boundaries—between Connecticut, California, and, perhaps,

Illinois—the fact that several other states were involved does not weigh in favor of involving yet another—New York—which otherwise has no connection to the case. Therefore, the Court finds that these factors too weigh in favor of transfer.

## IV.    Conclusion

Weighing the factors as described above, the Court finds that, on these facts, transfer of this action is warranted under § 1404(a). State Farm's motion to transfer this action to the District of Connecticut is therefore GRANTED. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 17 and 19, and to transfer this case to the District of Connecticut without delay.

SO ORDERED.

Dated:  April 10, 2025
New York, New York

_____
GREGORY N. WOODS
United States District Judge